JAMES H. TRACY et al., Appellants, *v.* LEONARD AMES et al., Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

A testator devised his real and personal estate to his wife for her use and benefit until his youngest child should be twenty-one; or, in case such child should not attain that age, until the age of his next youngest child should reach twenty-one; when he directed his estate to go one-third to his widow and the remainder among his children. The testator had three children.—*Held*, that upon the testator's decease the widow took an estate of inheritance in one-third of the real estate, and for years in the other two-thirds; and the children a vested remainder in fee descendible, devisable, and alienable by them.

On a trial before a referee the complaint being for trespass on land, the plaintiffs' proof failed to establish a cause of action in trespass, but was sufficient to sustain one for waste. No application was made to conform the pleadings to the proof, or to apply the law to the undisputed facts without reference to the particular allegations of the complaint.—*Held*, that the plaintiffs' complaint was properly dismissed.

THIS was an appeal from a judgment entered upon the report of a referee dismissing the plaintiffs' complaint.

The complaint averred that the plaintiffs Tracy, as heirs-at-law of Cyrus Tracy, deceased, were seized and possessed of the fee simple, as tenants in common, of certain described premises of which said Tracy died seized while they, the said plaintiffs, were respectively under the age of twenty-one years. That the youngest of the said plaintiffs attained his majority in December, 1868, at which time they entered into possession, being entitled as aforesaid subject to the dower rights of their mother, the widow of Cyrus Tracy, and it contained three counts.

Tracy et al. *v.* Ames et al.

In the first it was alleged that about the month of January, 1858, the defendants, their agents, and servants, with force and arms wrongfully and unlawfully broke and entered the described premises, and continued and remained in wrongful possession from and after the time of entry until about the month of September, 1868, during which period (of about ten years) the title and fee simple remained in the plaintiffs, and each and every of them. That at the time the defendants, their agents and servants made such wrongful and unlawful entry, and at divers and sundry times thereafter during the said period of ten years the defendants, with the intent to injure, damage, and waste the estate and inheritance of the plaintiffs, and without any leave or license unjustly and unlawfully felled, cut down, prostrated, and procured to be felled, cut down, and prostrated, a large quantity of standing timber and trees, the same covering and extending over about twenty acres of the lands of said premises, and that the trees and standing timber were of the value of $3,000, all of which the defendants took and carried away and converted to their own use. That the defendants, their said agents and servants, while in such wrongful and unlawful possession of said premises, did willfully and with the intent to injure and damage such estate and inheritance, pull down and destroy divers walls, fences, and inclosures which had been built and erected upon said premises by the said ancestor of these plaintiffs in his lifetime for the general purposes of farming and husbandry; and although said defendants pretended to have entered and remained in the use, possession and enjoyment of said premises at the time and for the period aforesaid, still they suffered and permitted the dwelling-house and buildings thereon to decay and become worthless; and also suffered and permitted a large portion of said premises, to wit, about thirty acres, comprising the western portion thereof, which was, at the time of the death of Cyrus Tracy, improved farming lands and under a good state of cultivation, to be uncultivated and fallow, and until the same became grown up with weeds,

bushes, and brambles, so as to render the same entirely unfit for farming and agricultural purposes, &c., &c.

In the second count it was alleged that the use and possession of the premises was wrongfully withheld from the plaintiffs by the defendants, and that the plaintiffs were deprived of the rents and profits of the farm for a period of ten years.

In the third count it was alleged that the defendants after such wrongful entry, cut down a large quantity of standing timber and converted the same into logs, posts, cord wood, stave bolts, &c., and took and removed the same from the premises, and from the possession of the plaintiffs, and converted the same to their own use ; the said logs, posts, cord wood, stave bolts, &c., at the time of such conversion, being the property and chattels of the plaintiffs.

It appeared that on the 29th day of August, 1849, Cyrus Tracy, the plaintiffs' ancestor, died seized in fee of the premises described in the complaint, leaving a will ; which will had been duly proved and recorded as a will of real estate, by and before the surrogate of the county of Oswego, and contained the following clause, viz. :

" I hereby give and bequeath to my wife, Esther Tracy, all my real estate, and all my personal property of whatever kind or description belonging to me, of every name and nature ; she to have the full use of the same to her own benefit, until my youngest child, David Cyrus Tracy, shall have attained the age of twenty-one years ; or, in case he should not live to that age, until the age of the next youngest child shall reach twenty-one years, at which time I desire my property shall be equally divided among all my children ; my wife, Esther Tracy, retaining one-third the same, to have and to hold to her the said Esther Tracy, and to my children, their heirs, executors and administrators forever. And I do hereby appoint my wife to be sole executor of this my last will and testament."

That from the death of Cyrus Tracy until November, 1858, the land and premises described were used and occupied by

said Esther Tracy, his widow, by herself and her tenants, at which time she let and rented the same to the defendant, Otis Dalrymple, who continued in the use and occupation thereof, claiming title thereto until October 28th, 1867, when his grantees reconveyed the same to said Esther Tracy.

That on the third day of December, 1857, Esther Tracy made, executed, acknowledged and delivered under her hand and seal, her certain mortgage, to Henry M. Ames, upon the land and premises, to secure the payment of certain moneys therein described, in default of payment of which the mortgage was duly foreclosed, and the land sold and conveyed to the defendants, Chandler and Ames, on the 28th day of December, 1858, whereby Chandler and Ames acquired all the estate of Esther Tracy, in and to the lands; and that on the first day of April, 1861, they contracted to sell and convey the same premises to the defendant, Dalrymple, who agreed to keep them in as good condition as the same were in at that time, and who occupied by virtue of his contract until October 28th, 1867.

That during the period which Otis Dalrymple remained in possession of the premises, all the timber standing and being upon fifteen acres, with the exception of about fifty small trees, was cut down and carried away by him, his agents and servants, without the knowledge or consent of the plaintiffs, who were during such period minors under the age of twenty-one years; that Chandler & Ames were from time to time notified of the acts of Dalrymple.

That Dalrymple, while in such possession of the premises, partially destroyed or pulled down a small frame building situate upon the lands, of which the defendants, Chandler & Ames had due notice.

And the referee found and reported that the will of Cyrus Tracy did not suspend the power of alienation for more than two lives in being; and that should the two younger children both have died before arriving at the age of twenty-one years, the remainder would have taken effect. That whenever the

division was due by the terms of the will, the widow took one-third in fee.

That the plaintiffs could not maintain trespass, as the injury complained of was committed during the rightful possession of Esther Tracy, and her assigns under the provisions of the will. That an action in the nature of waste would lie against the tenants holding under Esther Tracy for injury to the plaintiffs' remaining estate, of an undivided two-thirds, which remained to them after the youngest child attained full age, and that Esther Tracy was not a necessary party to the action, although seized of an undivided third. That to maintain the action of waste, as remainder-men, the plaintiffs must allege and prove the fact that the defendants held the prior estate; that otherwise, the defendants would be strangers and not tenants in common, and against strangers the action of waste would not lie; that this material fact not being alleged, the plaintiffs should not be allowed to prove it upon a complaint against the defendants as strangers, that the plaintiffs could not recover against the defendants as tenants of a prior estate, and that their complaint should be dismissed.

Exceptions to the referee's findings were duly taken by the plaintiffs.

*W. H. Gardenier* and *A. Perry*, for the appellants

*Geo. G. French*, for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The clear and manifest intention of the testator, to be gathered from the language and provisions of the will was to devise to his children then living two-thirds of his estate, and to his wife one-third, and to give to his wife the possession and use of the whole for her own benefit, until the happening of the event or events specified, viz.: "Until my youngest child, David Cyrus Tracy, shall have attained the age of twenty-one years, or in case he should not live to that age, until the age of the next youngest child shall reach twenty-one years." The testator

at the time of making his will, and at his death, had three children who are the plaintiffs in this action, and the youngest had attained the age of twenty-one years before this action was commenced.

The widow of the testator, therefore, at his death took by virtue of the will an estate of inheritance in one-third of the real estate in possession, and an estate for years in the other two-thirds.

The children took by the will a remainder in fee of the two-thirds, as tenants in common. It was in them a future estate limited to commence in possession on the determination by lapse of time of the precedent estate for years in their mother. It vested in them immediately upon the death of the testator. (1 R. S., 723, §§ 7, 8, 9, 10, 11, 13; *Powers* v. *Bergen*, 6 N.Y., p. 360; *Campbell* v. *Rawden*, 8 id., 412, 418.)

This estate in the children was descendible, devisable, and alienable, the same as though it had been in their immediate possession.

It is claimed on behalf of the plaintiffs that the will is void absolutely on the ground that it suspends the absolute power of alienation of the estate for a period longer than the continuance of two lives in being at the creation of the estate. But as we have seen, the power of alienation was not suspended by the will at all.

At the time of the creation of the estate in question, the plaintiffs were all in being and capable of conveying.

The only contingency or uncertainty at any time was as to the duration of the precedent estate of the mother.

But that is a matter of no moment whatever now, as the devisees have all lived beyond the prescribed duration of the precedent estate in either event, and the plaintiffs have become absolute owners in possession of the two-thirds by the provisions of the will.

This action is brought upon the theory that the will is entirely void, and that the plaintiffs upon the death of their father took by descent as his heirs-at-law the entire estate, subject only to the dower interest of their mother.

The complaint contains three separate counts or causes of action; two of which are for unlawfully breaking and entering the plaintiffs' close and cutting down, and destroying and carrying away timber; and the other for damages for unlawfully occupying, using, and enjoying the said premises by the defendants, and wrongfully withholding the same from the plaintiffs for a period of ten years.

Upon the hypothesis that the will is valid, and the plaintiffs derived all their title to the premises under it, the defendants established a complete and perfect right to enter upon, use, occupy and enjoy the premises, for the entire period covered by the complaint.

. They were not, nor were either of them, trespassers, but entered upon the premises and occupied the same by lawful right. It seems to have been agreed, in the course of the trial, by the parties, at the suggestion of the referee, that evidence should be given only touching the right of action, and that any further evidence should be suspended until after the referee had determined whether the action alleged in the complaint could be maintained against the defendants. At the close of the evidence, for this purpose, as the case shows, the defendants moved for a nonsuit, on various grounds, and the case was submitted to the referee, who held that the action could not be maintained, and dismissed the plaintiffs' complaint. In the view I have taken of the will, and the rights of the parties under it, this decision was clearly right. It is now suggested that, even if the will is valid, the action should have been sustained by the referee, and determined and disposed of, as an action of waste. But that was not the cause of action alleged in the complaint. The facts necessary to constitute such a cause of action were not stated therein. No such application was made at any time to the referee, and it is too late to make it now, after the action has been decided. Had the application been made to the referee to amend the pleadings to conform to the proofs, or to apply the law to the undisputed facts, without reference to the particular allegations in the complaint in respect to the

nature of the tort or wrong, he might, perhaps, have regarded it favorably. But it certainly cannot now be alleged for error that he did not do so of his own motion, but disposed of the action according to the cause of action alleged in the complaint.

The judgment is right, and must be affirmed.