ANNIE COOKE LAWRENCE, an Infant, etc., Respondent, v.
SARA L. COOKE, Appellant.

The will of C., after a gift of his residuary estate to his daughter, the
defendant, and "to her heirs and assigns forever," contained this pro-
vision "I commit my granddaughter (plaintiff) * * * to the charge
and guardianship of my daughter. * * * I enjoin upon her to
make such provision for said grandchild out of my residuary estate
* * * in such manner and at such times and in such amounts as
sne may judge to be expedient and conducive to the welfare of said
grandchild, and her own sense of justice and Christian duty shall dic-
tate." In an action wherein the plaintiff sought to have it adjudicated
that a trust was imposed upon the residuary estate for her benefit, and
wherein defendant, by her answer, recognized the moral obligation rest-
ing upon her and averred her intention of performing it. *Held*, that
no such trust was created, nor did defendant take subject to a charge
in favor of plaintiff; but that she took an absolute title the provi-
sion to be made for plaintiff being left wholly to her discretion, as to
the amount and manner of the provision and the time when it should
be made, the exercise of which discretion could not be interfered with
by the court.

*Lawrence* v. *Cooke* (32 Hun, 126) reversed.

(Argued January 25, 1887, decided March 8, 1887.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, entered upon
an order made March 28, 1884, which reversed a judgment
in favor of defendant, entered upon a decision of the court on
trial at Special Term, and which directed judgment in favor
of plaintiff. (Reported below, 32 Hun, 126.)

The nature of the action and the material facts are stated
in the opinion.

*W. R. Darling* for appellant. The General Term erred
in holding that the seventh clause of the will creates a trust
for plaintiff. (*Campbell* v. *Beaumont*, 91 N. Y. 465; *Free-
man* v. *Coit*, 96 id. 63; *Roseboom* v. *Roseboom*, 81 id. 356;
*Clarke* v. *Lupp*, 88 id. 231; *Parsons* v. *Best*, 1 N. Y. Supr.
Ct. 211; 2 White & Tudor's Ld'g Cas., part 2, Am. Notes,
1859; 1 Perry on Trusts [3d ed.], § 115.) After an abso-
lute devise, no subsequent language less decisive than

itself is sufficient to show an intent to cut it down or change it. (*Hopkins* v. *Glunt*, 4 East. Rep. 117; *Thornhill* v. *Hall*, 11 C. & F. 22; 81 N. Y. 359; 96 id. 63; *Reid* v. *Atkinson*, 5 Irish Rep. (Eq.) 373, 377, 378–386.) The tendency of modern decisions is against raising a trust by mere inference from doubtful words. (*Campbell* v. *Beaumont*, 91 N. Y. 465; *Foose* v. *Whittemore*, 82 id. 406; Lewin on Trusts, 173.) The word "enjoin" of the seventh clause, when read as qualified by the words with which it is coupled, is shorn of all legal imperative force and reduced to merely precatory significance. (*Meredith* v. *Heneage*, 1 Sim. 542, 556; *Hone* v. *Kent*, 11 Barb. 315; *Kane* v. *Astor's Ex'rs*, 5 Sandf. [S. C.] 467; Hill on Trustees, 73; *McCormick* v. *Grogan*, 4 L. R. [H. of L.] App. Cas. 95; *Lines* v. *Darden*, 5 Fla. 51, 72.) The words "as she shall think expedient" conferred an absolute discretion "to give or not to give, and how much. (2 White & Tudor's Ld'g Cas., part 2, Am. Notes, 1860; *Gisborne* v. *Gisborne*, 25 Week. Rep.[Eng.] 517; 23 id. 410, 411; *French* v. *Davidson*, 3 Mad. Ch. R. 396; *Colton* v. *Colton*, 21 Fed. Rep. 594, 596, 597; *Knight* v. *Boughton*, 11 C. & F. [H. of L.] App. Cas. 513, 553; *Mackett* v. *Mackett*, 2 Moak's Eng. Rep. 412; *S. C.*, L. R. 14 Eq. 49; *Lamb* v. *Eames*, L. R. 6 Ch. App. 599, 607; 1 Redf. on Wills, 707, 708; *Pope* v. *Pope*, 10 Sim. 1; *Greene* v. *Greene*, 3 Ir. [Eq.] Rep. 629, 635, 640.) Words really imperative in sense and unqualified in terms, and equally as strong as those used here, have many times been held insufficient to create legal duties or trusts. (*Stewart* v. *McDonald*, 37 Hun, 19; Hill on Trustees, 73; *Campbell* v. *Beaumont*, 91 N. Y. 468; *Lines* v. *Darden*, 5 Fla. 51, 72; *Winch* v. *Brutton*, 14 Sim. 359.) A devise expressly made "subject to," etc., raises no trust. (*Parsons* v. *Best*, 1 N. Y. Sup. [T. & C.] 211; 88 N. Y. 232; *Hutchinson* v. *Tenant* L. R., 8 Ch. Div. 540; *Spooner* v. *Lovejoy*, 108 Mass. 529; *Webb* v. *Wools*, 2 Sim. [N. S.], 267; *Costabadie* v. *Costabadie*, 6 Hare, 410, 413; *Rose* v. *Porter*. S. N. East. Rep. 641 and note; *Winch* v. *Brutton*, 14 Sim. 379; *Abraham* v.

*Ahlman* Russ, Ch. 509 ; *McNab* v. *Whitbread*, 17 Beav. 259.) The "subject" is too uncertain to raise a trust "when the amount given for the purpose is made to depend on the will of the first taker," and such uncertainty is treated by the court "as evidence that the mind of the testator was not to create a trust." (2 Roper on Legacies, 143 ; 2 White & Tudor's L'd'g Cas. pt. 2, p. 949 ; *Mackett* v. *Mackett* [L. R.] 14 Eq. 49 ; 2 Moak's Eng. Rep. 412 ; id. Am. Notes, p. 1860 ; Hill on Trustees, 73, 117 ; 2 Story's Eq. Jur. § 1069 ; *Mills* v. *Newberry*, 1 N. East. R. 160, 162 ; *Colton* v. *Colton*, 21 Fed. R. 594, 596 ; *Lamb* v. *Eames*, 6 L. R., Ch. App. 607 ; *Curtis* v. *Rippon*, 5 Mad. Ch. 434 ; *Meredith* v. *Heneage*, 1 Sim. 556, 565 ; *Buggins* v. *Yates*, 9 Mod. 122, 123 ; *Cowan* v. *Harrison*, 10 Hare, 234 ; *Morice* v. *Bp. of Durham*, 10 Ves. Jr., 535, 536 ; *Wynne* v. *Hankins*, 1 Brown's Ch. 179 ; *Palmer* v. *Symmonds*, 2 Drewry, 221 ; *Parnall* v. *Parnall*, 25 Moak's Eng., 801 ; *Barnard* v. *Minshull*, John's Ch. (Eng.), 276, 287 ; *Harper* v. *Phelps*, 21 Conn. 257, 269, 270 ; 1 Redf. on Wills [2d ed.], 718, 719 ; Lewin on Trusts, 168, 169 ; Hawkins on Wills [Am. Ed.], 163 ; *Perry* v. *Merritt*, 18 L. R. [Eq.], 152 ; 9 Moak's Eng. 702 ; *Lines* v. *Darden*, 5 Fla. 72, 75, 77 ; *Gilbert* v. *Chapin*, 19 Conn. 342, 346 ; *Harper* v. *Phelps*, 21 id. 256, 269, 270 ; *Bardswell* v. *Bardswell*, 9 Sim. 319 ; *Tolsen* v. *Tolsen*, 10 Gill. & J. [Md.], 159.) Directions involving a personal trust and discretion can only be exercised by the person named for that purpose. (*Crook* v. *Kings Co.*, 97 N. Y. 421, 453 ; *Beekman* v. *Bonsor*, 23 id. 298, 304 ; *Hull* v. *Hull*, 24 id. 647, 651 ; *Nicholls* v. *Eaton*, 1 Otto, 724, 725 ; 2 Perry on Trusts, 28 ; *Costabadie* v. *Costabadie*, 6 Hare, 410, 413 ; *Gisborne* v. *Gisborne*, 25 W. Rep. [Eng.], 517 ; *Lytle* v. *Beveridge*, 58 N. Y. 598 ; *Manice* v. *Manice*, 43 id. 388 ; Lewin on Trusts, 172.) The words of the seventh paragraph do not raise a "power in trust" (within §§ 95, 96 of the R. S. chap. 1. pt. 4, title 2, on Powers"), because the execution or non-execution is made expressly to depend on the will of the defendant as to the "provision" itself. (*Dominick* v. *Sayre*, 3 Sandf. Supr. Ct.

R. 555; *Lines* v. *Darden*, 5 Fla. 72, 75; *Delaney* v. *McCormick*, 88 N. Y. 174, 182; *Decker* v. *Saltsman*, 1 Hun, 25; *Munsell* v. *Lewis*, 4 Hill, 641, 642.) This action is premature. (*Mackett* v. *Mackett*, L. R. 14 Eq. 49; *Meredith* v. *Heneage*, 1 Sim. 542, 551; *Gilbert* v. *Chapin*, 19 Conn. 342, 346; *Parsons* v. *Best*, 1 N. Y. Supr. Ct. [T. C.], 211; 88 N. Y. 232.)

*Henry W. Johnson* for respondent. The language used by the testator in reference to his residuary estate is mandatory in its character. (Bouvier's L. Dict. Tit. "To Enjoin" 1 Hale Pl. Cr. 587, 1 East. P. C., 298, 304; Hawk. Pl., C. B., 2 c. 12, § 13; Ry. & M. Crim. Cas. 93; Perry on Trusts, § 115; *Meredith* v. *Heneage*, 1 Sim. 542, 10 Price, 230; *Hoy* v. *Master*, 6 Sim. 568; *Young* v. *Martin*, 2 Y. & Cal. 582 [New Rep.]; *Huskisson* v. *Bridge*, 4 De G. & Sm. 245; *Warner* v. *Bates*, 98 Mass. 277; *Whipple* v. *Adams*, 1 Met. 444; *Eaton* v. *Watts* L. R., 4 Eq. 151.) Where precatory words are used, one of the rules of construction is that the presumption against a trust will not be overcome where the *object* the *property* or *the way it shall go* are left at all in doubt. (*Mackett* v. *Mackett*, 14 L. R. Eq. 49; *Meredith* v. *Heneage*, 1 Sim. 542; *Lamb* v. *Eames*, 10 L. R. Eq. 267; *Reese* v. *Baker*, 18 Beav. 372; *Winch* v. *Brutton*, 14 Sim. 379; *Greene* v. *Greene*, 3 Ir. R. Eq. 629; *Morice* v. *Bp. of Durham*, 10 Ves.; *Wynne* v. *Hawkins*, 1 Brown's Ch. 179; *Barnard* v. *Murshull*, 1 John's Ch. P. [Eng.] 276; *Foose* v. *Whitmore*, 82 N. Y. 405; *Young* v. *Martin*, 2 Y. & Col. 582; *Harper* v. *Phelps*, 21 Conn. 256; *Parsons* v. *Best*, 1 N. Y. Sup. Ct. [T. & C.] 211.) Where imperative words are used, so that court can see that the testator clearly intended to create a trust, the court will give such effect to the words used as is necessary to carry out the intention of the testator, if possible. (Perry on Trusts, § 114; 1 Jarman on Wills, 332; 2 Redf. on Wills, 415, 421; *Harding* v. *Glynn*, 1 Atk. 468; *Ware* v. *Mallard*, 16 Jur. 469; *Warner* v. *Bates*, 98 Mass. 277; *Forbes* v. *Ball*, 3 Merivale, 437.) If a valid trust is

created to the personal estate that is sufficient. (*De Peyster* v. *Clendening*, 8 Paige, 295; *Dupre* v. *Thompson*, 4 Barb. 279; *Vail* v. *Vail*, 7 id. 226; *Irving* v. *De Kay*, 9 Paige, 521; *Parks* v. *Parks*, id. 107.) There is no uncertainty as to the nature or extent of the trust created by the will. (*Pierson* v. *Garnett*, 2 Bro. Ch. Cas. 38; *Harding* v. *Glynn*, 1 Atk. 469; *Brown* v. *Higgs*, 4 Ves. 708; 8 id. 561; *Parsons* v. *Baker*, 18 Ves. 475; *Prévost* v. *Clarke*, 2 Madd. 458; *Burroughs* v. *Philcox*, 5 Myl. & Craig, 72; *Dominick* v. *Sayre*, 3 Sandf. 555; *Ware* v. *Mallard*, 16 Jur. 492.) The question of intent is the controlling one in the construction of wills, and overrides all others. (*Foose* v. *Whitmore*, 82 N. Y. 406; *Meredith* v. *Heneage*, 1 Sim. 550; *Wall* v. *Langlands*, 14 East. 370; *Jackson* v. *Housel*, 17 J. & R. 280; *Hone* v. *Kent*, 11 Barb. 315; *Williams* v. *Williams*, 1 Sim. [N. S.] 358.)

RAPALLO, J. The grandfather of the plaintiff (Chauncey L. Cooke), by the sixth and seventh clauses of his will, which took effect in December, 1878, devised and bequeathed his residuary estate as follows:

"VI. The residue of my estate, both real and personal, of whatever name or kind, I give, devise and bequeath to my daughter, Sara L. Cooke, to have and to hold the same unto her and her heirs and assigns forever."

"VII. I commit my granddaughter, Annie C. Lawrence, child of my daughter Annie, now deceased, to the charge and guardianship of my daughter, Sara L. Cooke, in whose honesty, good will and integrity, I repose the utmost confidence. I enjoin upon her to make such provision for said grandchild out of my residuary estate now in her hands, in such manner, at such times, and in such amounts as she may judge to be expedient and conducive to the welfare of said grandchild, and her own sense of justice and christian duty shall dictate."

The complaint alleged, that in the month of March, 1880, and in the month of January, 1881, the plaintiff, through her general guardian, who was her father, requested the defendant to make, out of the estate so devised and bequeathed to her,

provision for the plaintiff, but that the defendant had neglected and refused so to do; and demanded judgment, that by the terms of the will a trust was imposed upon the defendant in favor of the plaintiff; that the defendant render an account of the residuary estate and the income thereof, and that the court should determine and make such provision for the plaintiff out of said residuary estate as should be conducive to the welfare of the plaintiff, and that a receiver should be appointed of such residuary estate, etc.

The defendant, by her answer, denied that any trust was created by the will, but also denied that she had refused to make provision for the plaintiff. She admitted the full force of the moral considerations in favor of the plaintiff arising from the will, and averred that she intended and had always intended fully and in good faith, to comply with the same.

The action was tried at Special Term before LAWRENCE, J., who held that no trust was created by the clause referred to, and that the defendant took, under the will of her father, an absolute title to his residuary estate, and he dismissed the complaint. His judgment was reversed at the General Term, and a reference was ordered to ascertain the amount of the residuary estate and report what provision should be made for the plaintiff out of such residuary estate. The referee reported the proof taken before him, and that in his opinion the sum of $1,080 per annum would be a proper provision to be made for the plaintiff until she should attain the age of fourteen years. This report was confirmed by the court, and judgment was rendered that the defendant pay that sum to William H. Lawrence, the father and general guardian of the plaintiff until the further order of the court.

Full and exhaustive opinions were delivered both at Special and General Terms, in which the authorities bearing upon the question are reviewed at length. Without going over the ground covered by those opinions, we deem it sufficient to say that we concur in that of LAWRENCE, J., at Special Term, which was to the effect that the defendant took an absolute title to the residuary estate, and that the provision to be

made for the plaintiff was left wholly to the discretion of the defendant.

The opinions at General Term were by BRADY and DANIELS, JJ.; DAVIS, P. J., delivering a brief dissenting opinion. The prevailing opinions rest upon the word " enjoin," used by the testator in clause VII. If the clause had been that the testator enjoined upon the defendant to make suitable provision, out of the residuary estate, for the support of the plaintiff, there would be force in the argument, not indeed that the defendant took the residuary estate in trust, but that she took it subject to a charge, the amount of which might be ascertained by a court of equity, and satisfaction thereof decreed. But such is not the language of the will It is, " I enjoin upon her to make *such provision* for said grandchild, out of my residuary estate, *in such manner*, *at such times* and *in such amounts* as she may judge to be *expedient* and conducive to the welfare of said grandchild." She might, under the broad discretion thus conferred upon her, deem it best for the grandchild to wait until she should become of age, and then give her a portion of the estate, or otherwise provide for her. There was nothing in the will which required her to provide for the support of the grandchild during her minority. She was living with her father, out of the State. No obligation was imposed upon the defendant by her father's will, to indemnify the father of the plaintiff for her support, or to furnish him with means therefor. The provision in the will was not intended for the benefit of the father of the plaintiff, nor to relieve him from his legal obligation to support his own child. All these matters were left wholly to the discretion of the defendant, uncontrolled by any consideration except, to use the language of the testator, what " her own sense of justice and christian duty shall dictate." It was the will of the testator that the defendant should be the sole judge of the manner in which provision for the plaintiff should be made, at what time it should be made, and to what amount. It was beyond the power of any court to substitute

its discretion for hers, and no trust was created which a court of equity could execute, contrary to her judgment.

The moral obligation imposed on the defendant is very strong. The plaintiff is the representative of the deceased sister of the defendant, and if the testator had died intestate plaintiff would have been entitled to one-third of his estate. For reasons of his own, however, the testator preferred not to permit any title to any part of his estate to vest in his grandchild, but to leave entirely to the discretion of the defendant what portion she should take, in what manner, and at what time. He, therefore, vested the absolute title to his residuary estate in the defendant, enjoining upon her only the duty of exercising this discretion, and expressing his conviction that she would do so honestly and fairly. She recognizes this moral obligation and avers her intention of performing it. It is not for the courts to repudiate the confidence which the testator chose to repose in the defendant, and to assume a power which was not intended to be exercised by them, by determining in what manner, at what time and to what amount the provision shall be made.

The orders of the General Term and subsequent proceedings should be reversed and the judgment of the Special Term dismissing the complaint affirmed with costs.

All concur.

Ordered accordingly.

# MEMORANDA

OF THE

*CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, AND NOT REPORTED IN FULL.*