### ALDRICH *v.* GREEN *et ux.*

#### (*Supreme Court, General Term, Third Department.* May 17, 1888.)

WILLS—CONSTRUCTION—NATURE OF ESTATE—VESTED REMAINDER.

A will gave an estate to the testator's widow during widowhood, and, upon her death or marriage, the real estate to be divided between his two children, "if they should be of the age of twenty-one years; if not, to remain under the control of my hereinafter named executor till they shall have attained the age of twenty-one years each, then I will the said estate to be equally divided between my two children, their heirs and assigns." The testator died in 1850, the two children being then twelve and three years old, respectively. In 1854 the executor was removed. In 1856 the widow remarried. In 1864, on application to the county court on behalf of the youngest child, her interest in the estate was sold to defendant's grantor, who had already purchased the interest of the other child. *Held,* that the will gave the executor no title, either as trustee or as grantee of a power in trust, that the children took a vested estate in remainder, and that the sale was not in any way contrary to the provisions of the will.

Appeal from judgment on report of FRANK S. BLACK, Referee.

Action to recover possession of real estate, brought by Henrietta Aldrich against William D. Green and wife. Judgment for defendants, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Hunt & Whedon,* for appellant. *Irving Hayner,* for respondents.

LEARNED, P. J. We have examined the proceedings for the sale of the infant's real estate in this case, and we find no defect which can render them invalid. They differ in no important respects from the proceedings proved in the case of *Aldrich* v. *Funk, ante,* 541. The only point, then, which we need to examine, is whether the sale under these was against the provisions of the will of John W. Fonda. Section 1762, Rev. St. The will gave an estate to the widow during widowhood. It then gave the real estate to be divided equally between the two children, of whom plaintiff was one. There could be no question that this gave them a vested estate in remainder, subject

to the life-estate of the mother, if it were not for the following clause, on which plaintiff relies: "If they should be of the age of twenty-one years; if not, to remain under the control of my hereinafter named executor till they shall have attained the age of twenty-one years each, then I will the said estate to be equally divided between my two children, their heirs and assigns." There is no power given to the executor to divide. Therefore the words, "to be divided equally," only express his intention that each was to have an equal share. They are mere surplusage. The two children took their shares in severalty at the death of the testator. An actual division could be made by them when they were of age, or by the court before that time. The words, "to remain under the control of my hereinafter named executor till they shall have attained the age of twenty-one years each," may be understood of the children themselves; that is, that they were to remain under his control as their guardian. But the executor was clothed with no trust to receive rents and profits and apply to their use. Probably the testator's idea was that, if his widow married, the executor was to be guardian of the children. As such, he would, in a certain way, control the real estate. But he would have no title to it. The executor was removed in December, 1854, and in April, 1857, the proceedings to sell the infants' property were taken. We think that the sale was not in any way contrary to the provisions of the will. The life-estate of the widow did not postpone the vesting, but only the possession, of the infants' real estate; and even the mother's estate had ceased by the marriage, in 1856, before the proceedings for sale here taken. The judgment is affirmed, with costs.

LANDON, J., concurring.

INGALLS, J., (*concurring.*) Under the last will and testament of John W. Fonda, the plaintiff took a vested remainder in the land in question, subject only to the use and enjoyment by her mother, Martha Fonda, during her natural life, or until she should marry. She married James E. Holmes in September, 1856. From that period the land became absolutely vested in the plaintiff in possession. *Ackerman* v. *Gorton,* 52 N. Y. 118; *Livingston* v. *Greene,* 67 N. Y. 63; *Lawrence* v. *Cooke,* 104 N. Y. 632, 11 N. E. Rep. 144; *Insurance Co.* v. *Shipman,* 15 N. E. Rep. 58; *Moore* v. *Littel,* 41 N. Y. 66; *Radley* v. *Kuhn,* 97 N. Y. 27, 35; *Tracy* v. *Ames,* 4 Lans. 500; *Manice* v. *Manice,* 43 N. Y. 380. The following provision of the will: "Then I give and devise all of the real estate, to be equally divided among my two children, if they should be of the age of twenty-one years; if not, to remain under the control of my hereinafter named executor, till they shall have attained the age of twenty-one years each, then said real estate to be equally divided between my two children, their heirs and assigns,"—did not prevent the vesting of the estate in the children. No expressed trust was created thereby. 1 Rev. St. (Edmund's Ed.) p. 678, § 55, There is no direction in regard to the receipt or disposition of the rents and profits. *Chamberlain* v. *Taylor,* 105 N. Y. 191, 11 N. E. Rep. 625. Nor does the will direct in what manner or for what purpose the said control should be exercised. And it is somewhat doubtful whether the control was to be exercised over the children or the land. The whole provision is too vague and indefinite to be effectual for any purpose. It is equally insufficient to create a power in trust; as no specific duty is conferred upon the executor, nor is he vested with any specific authority over the real estate. Gardner, the executor, was removed as executor by the surrogate of Rensselaer county, in 1854. He never exercised any control over the real estate, and the conduct of all parties interested shows that no such authority was recognized. The sale was not contrary to any provision of the will. *Lawrence* v. *Cooke,* 104 N. Y. 632, 11 N. E. Rep. 144; *Manice* v. *Manice,* 43 N. Y. 305; *Weeks* v. *Cornwell,* 104 N. Y. 325, 10 N. E. Rep. 431. The inter-

est of the plaintiff in the real estate was sold under the provision of the Revised Statutes entitled "Of proceedings in relation to the conveyance of lands by infants, and the sale and disposition of their estates." See 2 Edm. St. at Large, 202. The county court of Rensselaer county, in which the premises were situated, had jurisdiction to entertain the proceedings. *Dodge* v. *Stevens,* 105 N. Y. 585, 12 N. E. Rep. 759; *Jenkins* v. *Fahey,* 73 N. Y. 355. The proceedings were conducted in such manner as to preserve the jurisdiction in the court, and with a degree of regularity and precision which constituted a substantial compliance with all the requirements of the statute. The facts justify the assumption that the plaintiff received and has enjoyed the consideration paid by the purchasers for the land. The plaintiff became 21 years of age in the year 1868, was under no disability, and could have brought her action if she had any valid claim, yet she delayed any proceeding to recover the premises until 1884. She has never returned, or offered to return, the money received by her as the consideration of such sale. Under such circumstances, she should be held to have ratified and confirmed such sale. *Crummey* v. *Mills,* 40 Hun, 370; *Medbury* v. *Watrous,* 7 Hill, 110; *Henry* v. *Root,* 33 N. Y. 526; *Lynde* v. *Budd,* 2 Paige, 191; 1 Pars. Cont. 281. The case of *Green* v. *Green,* 69 N. Y. 553, when applied to the facts of this case, furnishes no support to the plaintiff's case in this respect. That case was peculiar in its facts, being between father and son, and the action was brought within three years after the party reached majority. Upon the questions involved in this case we refer to the opinion in *Aldrich* v. *Funk, ante,* 541, which was an action commenced to recover another parcel of land, derived by plaintiff from the devise under the will in question, which was tried before the same referee, and submitted to this court at the same term. The proceedings, which resulted in the sale of the land in question in this action, were conducted with greater care than in the other case to which we have referred, yet in neither case do we discover any defects which can be regarded as sufficiently grave to defeat the title acquired under such sales. The defendants have established equities which entitle them to every reasonable intendment in support of their title. The judgment should be affirmed, with costs.