ABEL C. BENEDICT AND LIZZIE P. BENEDICT, APPELLANTS, *v.* THE SEVENTH WARD RAILWAY COMPANY OF SYRACUSE, N. Y., RESPONDENT.

*Evidence must follow and conform to the allegations in the pleadings.*

Upon an appeal from a judgment dismissing the complaint, it appeared that since 1881 the plaintiffs had owned a lot on the west side of Montgomery street, in the city of Syracuse, on which was a dwelling in which they had resided; that the defendant corporation had laid a single railroad track in this street, and that the plaintiffs did not consent, pursuant to the act under which the defendant was incorporated (chap. 252 of 1884), that the road might be constructed in the street or the track laid in the street in front of their lot.

Upon the trial the plaintiffs made no attempt to prove that the consent required by the Constitution and the street railroad act had not been obtained, but sought to maintain the action by an offer to prove that the center line of the street and the plaintiffs' east line coincided, and that the west rails of defendant's track were on their land without their consent.

*Held,* that as the action was brought to restrain the defendant from laying or operating a track in this street, "upon which the plaintiffs' lands abut," upon

the ground that the defendant had not obtained the consent for the construction of the road from the owners of one-half in value of the property bounded on the street, or of the General Term of the Supreme Court, as required by section 18 of article 3 of the Constitution and of the street surface railroad act — but not on the ground that the plaintiffs owned the land in front of their lot and had not consented to its use by the defendant — the trial court properly held that the plaintiffs were not entitled to recover upon the theory that the defendant was a trespasser upon the land, if any, which the plaintiffs owned in the public street. *Vail* v. *Long Island Railroad Company* (106 N. Y., 283); *Tracy* v. *Ames* (4 Lans., 500); *Southwick* v. *First National Bank of Memphis* (84 N. Y., 420) followed.

APPEAL from a judgment entered January 23, 1888, in the Onondaga county clerk's office, after a trial at the Special Term, dismissing the complaint, with costs to defendant.

*Waters & McLennan,* for the appellants.

*Knapp, Nottingham & Andrews,* for the respondent.

FOLLETT, J.:

Appeal from a judgment entered on the decision of a Special Term, dismissing the complaint, with costs, which is heard in this court on a case containing all of the evidence.

Montgomery street extends north and south in the city of Syracuse, and is 100 feet wide. Since 1881 the plaintiffs have owned a lot on the west side of the street, which is fifty feet wide on the street and 132 feet deep, on which there is a dwelling, in which they have resided since 1881. In 1886 the defendant was incorporated pursuant to chapter 252 of the Laws of 1884 (the street surface railroad act), and laid a single track in this street, the rails being equi-distant from the center line of the street. Since the track was laid it has been used by the defendant for a street railroad, operated with horses. The plaintiffs did not consent, pursuant to the act referred to, that the road might be constructed in the street, nor did they consent that the track might be laid in the street in front of their lot. Before the track was laid, this action was brought to restrain the defendant from laying or operating a track *in this street,* "upon which the plaintiffs' lands *abut,*" upon the ground that defendant had not obtained consent for the construction of the road from the owners of one-half in value of the property bounded on the street, nor of the General Term of the Supreme

Court, as required by section 18 of article 3 of the Constitution and the street surface railroad act; but not on the ground that the plaintiffs owned the land in front of their lot and west of the center line of the street, subject to the right of the public to use it for a street, and that plaintiffs had not consented to its use by the defendant.

The plaintiffs made no attempt to prove that the consent required by the Constitution and the street railroad act had not been obtained, but sought to maintain the action by offering to prove that the center line of the street and the plaintiffs' east line coincided, and that the west rails of defendant's track were on their land without their consent. The court held that the only cause of action alleged in the complaint rested solely on the theory that the constitutional and statutory consents had not been obtained. We think an inspection of the complaint justifies this ruling. The court held that the plaintiffs were not entitled to recover upon the theory that defendant was a trespasser upon the land which they owned, if any, in the public street. In this the court committed no error. (*Vail* v. *Long Island R. R. Co.*, 106 N. Y., 283.) The ancient rule, that the evidence must follow and conform to the allegations in the pleadings and tend to establish the cause of action or defense alleged, has not been abolished by the Code. (*Tracy* v. *Ames*, 4 Lans., 500; *Southwick* v. *First National Bank of Memphis*, 84 N. Y., 420; Pom. on Rem. and R., § 553 *et seq.*)

The judgment is affirmed, with costs.

MARTIN and KENNEDY, JJ., concurred.

Judgment afirmed, with costs.