### WEILER v. O'BRIEN et al.

(Supreme Court, Special Term, New York County. April, 1893.)

1. WILLS—INCONSISTENT PROVISIONS.

A gift to testator's wife of the entire income of the estate, real and personal, during her lifetime, is inconsistent with a subsequent provision of the will directing the executors to set apart $100,000 of the estate, and pay the income monthly to testator's son during his lifetime,—such payments to begin at testator's death,—and the provision for the widow is reduced to that extent.

2. SAME—SUSPENSION OF POWER OF ALIENATION.

A direction to pay the income of a specified sum to one of testator's sons during life, and, on his death without issue, one half of the principal to another son, and the income of the other half to testator's granddaughter, and, on her death, the principal to her issue, does not unduly suspend the power of alienation, since such suspension is limited on the lives of the first son and the granddaughter.

3. SAME.

The third clause of testator's will gave the income of all his property to his wife. By the ninth clause he directed $100,000 to be set apart, and the income paid to one of his sons during life. The tenth clause directed that, on the death of such son without issue, one half of the principal was to be paid to another son, and the income of the other half to testator's granddaughter during life, and, on her death, the principal to her issue. The eleventh clause directed the executors to set apart $100,000, and pay the income to the granddaughter for life, and on her death to pay the principal to her issue. Held, that the $100,000 directed to be set apart for the benefit of the granddaughter was separate and distinct from the $100,000 directed to be set apart for the son, and, as the power of alienation of the sum set apart for the granddaughter was suspended only during her lifetime and that of testator's wife, the bequest was valid.

4. SAME—PRECATORY WORDS.

A request that testator's wife advance to a son, from the estate devised to her, such sum or sums as she may think proper for his support and maintenance, is merely precatory, and is not inconsistent with a provision giving the son the income of $100,000 during life.

Action by Peter R. Weiler, as executor, etc., of Peter T. O'Brien, deceased, and as administrator, etc., of Sarah E. Weiler, deceased, against William S. O'Brien, Peter T. O'Brien, Freelove E. O'Brien, and others, for the construction of the will of Peter T. O'Brien, deceased.

John D. Townsend, for plaintiff.

J. F. Malcolm and Abram Kling, for defendants W. S. and Freelove E. O'Brien.

George H. Kracht, for defendant Peter T. O'Brien.

John O. Heald, guardian ad litem, for infant defendant.

LAWRENCE, J. This action is brought to obtain a construction of the last will and testament of Peter T. O'Brien, late of the city of New York, deceased. The testator died on the 22d day of October, 1891, leaving personal estate to the amount of $497,000, and real estate of the value of $253,000. The will was admitted to probate by the surrogate on the 11th of November, 1891, as a will of real and personal estate; and on that day letters testamentary thereon were duly issued to the defendants William S. O'Brien and Freelove E. O'Brien, and on the 6th of January, 1892, such letters were issued to the plaintiff. Subsequently, and on the 4th of April, 1892, limited letters of administration, with power to prosecute, were also issued by the surrogate of the county of New York to the plaintiff upon the estate, goods, chattels, and credits of Sarah E. Weiler, the deceased wife of the plaintiff. The testator, Peter T. O'Brien, left, him surviving, his widow, Freelove E. O'Brien, and his sons, William S. O'Brien and Peter T. O'Brien. His daughter, Sarah E. O'Brien, had married the plaintiff, Peter R. Weiler, but had died before the testator, leaving, her surviving, the infant, Emily Marie Weiler. The widow, the two sons, and the infant, Weiler, are the defendants in this action. The widow and William S. O'Brien are made defendants, both individually and in their capacity as executrix and executor of the decedent. The complaint alleges that paragraphs 2, 9, 10, 11, and 13 of the will are uncertain or obscure in their meaning, and asks for a judicial construction thereof. In order to arrive at the intention of the testator, these sections must be read together, and for a better understanding of their terms, and for the purpose of ascertaining whether they conflict with each other, or are void, as contravening any statutory provision, they are set forth in full herein:

"Second. I give and bequeath to my dear wife, Freelove E., absolutely, for her own use, all the personal property that I may own, and that shall be in my dwelling house, at the time of my death, together with all my horses, carriages, and harness; and I also give, devise, and bequeath the whole income of my estate, real and personal, to her, for and during the term of her natural life; and I further give, devise, and bequeath, and authorize and empower her, by an instrument in the nature of a last will and testament, to

dispose of, the sum of one hundred thousand dollars of my estate, real and personal, in such manner as she shall see fit." "Ninth. Within six months after the death of my said wife, I order and direct my executors, or the survivor of them, to set apart from my estate, real and personal, the sum of one hundred thousand dollars, to be by them invested, and kept invested, upon the like securities as are mentioned in the third paragraph of this my will, and to pay over the income arising therefrom to my son Peter T., for and during the term of his natural life, in equal monthly payments, such payments to commence from my death, whether such investments shall then have been made or not, and the same shall be taken from the income of my estate until such investment shall be made as hereinbefore directed. In case, at any time, the income arising from the investment so directed to be made for the benefit of my said son Peter T. shall fail to procure a net annual income of four thousand dollars, then I order and direct my executors, or the survivor of them, to make up the deficiency from the income of my estate. Tenth. In case my son Peter T. should die without leaving lawful issue, then I order and direct that the said principal sum of one hundred thousand dollars shall be divided into two equal parts, and one of said parts paid over to my son William S., and the other of said parts to be invested and kept invested for the benefit of my granddaughter, Emily Marie Weiler, daughter of Peter R. Weiler and my deceased daughter, Sarah E. O'Brien Weiler, and the income thereof paid to her during the term of her natural life, and at her death the said principal sum of fifty thousand dollars be paid over to her lawful issue. If she should die before attaining the age of twenty-one years, without leaving lawful issue, then the said principal sum, with all accumulations thereon, shall revert to my estate. In case my son Peter T. should die before my said granddaughter shall attain the age of twenty-one years, then I order and direct that the income from said fifty thousand dollars shall be invested and reinvested until she shall attain to the age of twenty-one years, when such income, with the accumulations, be paid to her. Eleventh. After the death of my said wife, I order and direct my executors, or the survivor of them, to set apart from my estate, real and personal, the sum of one hundred thousand dollars, to be by them invested and kept invested upon the like securities as are mentioned in the third paragraph of this, my will, and to invest and keep invested the income thereof until my granddaughter, Emily Marie Weiler, shall attain to the age of twenty-one years, when they shall pay over to her the said income, with all the accumulations thereon, and thereafter pay over to her, during the term of her natural life, the income from the said one hundred thousand dollars. In case my said granddaughter should die before attaining said age, without leaving lawful issue, the said principal sum, with all the accumulations thereon, shall revert to my estate. At the death of my said granddaughter, after attaining lawful age, and leaving lawful issue, then to pay over and distribute said principal sum to and among such issue. If she shall die without leaving lawful issue, then said principal sum shall revert to my estate." "Thirteenth. I desire and request my wife to advance, from time to time, from her income, to my son, Peter T., such sum or sums as she shall think proper for his support and maintenance."

In my opinion, under the second paragraph of the will, the absolute bequest to the wife was limited to the personal property that the testator owned, and which might be in his dwelling house, at the time of his death, including his horses, carriages, and harness. By that paragraph, also, the wife was absolutely authorized and empowered to dispose, by her last will and testament, of the sum of $100,000 of the testator's real and personal estate, in such manner as she should see fit. The provision in the second paragraph of the will, devising and bequeathing the whole income of the estate, real and personal, to the wife, for and during the term of her natural life, is inconsistent with the provision in the ninth paragraph, by which the testator directs his executors, or the sur-

vivor of them, to set apart from his estate, real and personal, the sum of $100,000, and to invest and keep the same invested in like securities as are mentioned in the third paragraph of the will, and to pay over the income arising therefrom to Peter T. O'Brien, the son, for and during the term of his natural life, in equal monthly payments, "such payments to commence at the time of my death," etc., and also directing that, in case the investment shall at any time fail to produce annually the sum of $4,000, to make up the deficiency from the income of the estate. The testator could not have intended that his widow should have the whole income of the estate, and yet at the same time directed his executors to see that, from the time of the testator's death, his son Peter, from investments to be made by his executors, should receive an annual income of $4,000, which was to be kept good at all hazards, and, if not produced from the investments, was to be made good from the income of the estate. It seems to me, upon well-established principles, it must be held that the provision made for the widow by the second paragraph of the will is to be read in connection with the provision for the son, and that the provision for the former is to be reduced by the amount directed to be paid annually to the son. Roe v. Vingut, 117 N. Y. 204, 22 N. E. Rep. 933. I am also of the opinion that the $100,000 referred to in the tenth paragraph of the will is the same sum of $100,000 referred to in the ninth paragraph, and that the power of alienation in respect thereto is not unduly suspended, the suspension being limited to the lives of Peter T. O'Brien and Emily Marie Weiler; said sum having been carved out from the general body of the estate under the provisions of the ninth section, and not being, therefore, dependent upon the life of the widow. As to the eleventh paragraph of the will, I am of the opinion that the sum of $100,000 therein mentioned is separate, distinct, and apart from the sum of $100,000 which is directed by the other paragraphs of the will to be set apart for the benefit of Peter T. O'Brien, the son, and, as the power of alienation of that sum is only dependent upon the lives of the wife and of Emily Marie Weiler, no statutory provision is contravened.

The thirteenth paragraph of the will I do not regard as being in conflict with any of the other paragraphs. It is a simple request to the wife that out of the income of the estate, the bulk of which he has devised and bequeathed therein to her, she shall advance, from time to time, from her income, such sum or sums as she shall think proper for the support and maintenance of the son Peter T. O'Brien. There is no command, no trust created, and whether anything should be given to Peter is left entirely to the mother's discretion. Furthermore, the provision is entirely consistent with the other provisions in the will in favor of the son. The design was, in case the mother at any time might think the income given to Peter inadequate to his support, to request her to aid him, if she deemed proper to do so. Lawrence v. Cooke, 104 N. Y. 632, 11 N. E. Rep. 144.

As no provision is made in the will for the contingency of Peter T. O'Brien dying, leaving issue, and as his estate in the $100,000 be-

fore mentioned is merely a life estate, I am of the opinion that in such event the principal sum would fall into the residuary estate.

To recapitulate: First. The testator intended to set apart the sum of $100,000 for the use of his son Peter, and to insure him an annual income for life of $4,000, which, if not produced by income from the principal, was to be made good from the general estate. Second. The provision made for the wife is to be read in connection with the ninth and tenth clauses of the will, and is subordinate to the provisions therein contained. Third. The power of alienation is not unduly suspended as to the $100,000 to be held for the benefit of Peter. Fourth. The $100,000 directed to be set apart by the eleventh clause of the will is another and different fund from that mentioned in paragraph 10,—one provision taking effect on the death of Peter, and the other, on the death of the mother. The provisions of paragraph 13 are merely precatory.

I find no ground on which this action can be sustained by the plaintiff, as administrator of his wife. Judgment accordingly. As the findings submitted do not accord entirely with these views, the parties are requested to revise them, and submit them for signature on two days' notice.