(16 Misc. Rep. 395.)

COLLISTER v. FASSITT.

(Supreme Court, Special Term, New York County. March, 1896.)

1. WILLS—ABSOLUTE BEQUEST—DIRECTION AS TO USE.
    Where a bequest was made to a wife in absolute terms, coupled with a "direction" out of the property given by the will to use so much thereof for the support and benefit of plaintiff "as my said wife shall from time to time, in her discretion, think best so to use," *held*, that the apparent mandatory import of the "direction" is nullified by an unlimited discretion in executing it, which qualification is fatal to the creation of a trust.

2. SAME.
    *Held*, further, that an imperative duty imposed on the executor to pay plaintiff, out of the income of a trust fund, a definite sum at fixed periods

after the widow's death, confirms the inference against an enforceable trust for the benefit of plaintiff during the widow's life, emphasizing the discretion with which the widow is invested in contributing to plaintiff's support.

(Syllabus by the Court.)

Action by George T. Collister against Amelia A. Fassitt to enforce a supposed testamentary trust in favor of plaintiff. Defendant demurs to the complaint. Sustained.

Wilson & Wallis, for plaintiff.

Don Passos Bros. and John Murray Mitchell, for defendant.

PRYOR, J. The provisions of the will which affect the solution of the question in controversy are contained in the following paragraphs:

"Fourth. I direct my wife, Amelia A. Scranton, out of the property hereinafter given and bequeathed to her by this will, to use so much thereof for the support and benefit of my niece, Georgie S. Collister, as my said wife shall, from time to time, in her discretion, think best so to use.

"Fifth. I give and bequeath to my executor and executrix hereinbefore named the sum of twenty thousand dollars ($20,000) upon trust, to invest the same, and to pay the net income thereof annually to my wife, Amelia A. Scranton, during her lifetime; but on or after the death of my wife, Amelia A. Scranton, I direct my surviving executor to pay out of the net annual income of said twenty thousand dollars ($20,000) as so invested, to my niece, Georgie S. Collister, if she shall then be unmarried, the annual sum of one thousand dollars ($1,000) in equal quarterly installments of two hundred and fifty dollars ($250), until the marriage of my said niece, Georgie S. Collister; and if my niece, Georgie S. Collister, shall never marry, for and during her natural life; but if my said niece, Georgie S. Collister, shall at the time of the death of my wife, Amelia A. Scranton, be married, then I direct that my said niece, Georgie S. Collister, shall take nothing under this bequest."

"Eighth. I give, devise, and bequeath all the rest, residue, and remainder of the estate, both real and personal, of which I shall be seised or possessed, or to which I shall be entitled at the time of my death, to my wife, Amelia A. Scranton, absolutely."

The contention for the plaintiff is that the language of the will (fourth paragraph) is imperative, and that it impresses the property devised and bequeathed to the defendant with a trust in favor of the plaintiff which a court of equity must enforce. The tendency of the courts in modern times is to restrict, rather than extend, the doctrine of precatory trusts. Foose v. Whitmore, 82 N. Y. 405; 2 Pom. Eq. Jur. § 1015. The plaintiff lays especial stress upon the word "direct," construing it as equivalent to a command; but it is merely precatory. 2 Pom. Eq. Jur. § 1014. As the subject of inquiry is the intention of the testator, we are to give the term the meaning which he contemplated, and to ascertain that meaning we are not to pause upon this single word, isolated and alone, but are to construe it in association with its context. "Precatory words may be used which, standing alone, would, under the decisions, create a trust; but they may be qualified and controlled by other expressions showing that the gift is absolute, and that everything is left to the discretion of the devisee or legatee." 2 Pom. Eq. Jur. § 1016. Such is the case before us. The devise to the wife is in absolute terms,

and is coupled with a "direction" of which the apparent mandatory import is nullified by an unlimited discretion in executing the direction. Plainly, the contributions for the support and benefit of the plaintiff are left to the independent volition of the defendant; and this qualification of the "direction" is fatal to the creation of a trust. The adjudication in Lawrence v. Cooke, 104 N. Y. 632, 11 N. E. 144, is decisive of the case. There, after an absolute gift of the residuary estate to the defendant, the testator added:

"I commit my granddaughter [the plaintiff] * * * to the charge and guardianship of my daughter [the defendant]. * * * I enjoin upon her to make such provision for said grandchild out of my residuary estate, * * * in such manner and at such times and in such amounts as she may judge expedient and conducive to the welfare of said grandchild, and her own sense of justice and Christian duty shall dictate."

The court held that by this disposition no trust was created, and no charge imposed upon the property passing to the defendant; saying, per Rapallo, J.:

"All these matters were left wholly to the discretion of the defendant, uncontrolled by any consideration, except what her own sense of justice and Christian duty shall dictate. It was the will of the testator that the defendant should be the sole judge of the manner in which provision for the plaintiff should be made, at what time it should be made, and to what amount. It was beyond the power of any court to substitute its discretion for hers, and no trust was created which a court of equity could execute contrary to her judgment."

In Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411, the court, distinguishing the case from Lawrence v. Cooke, said, per Finch, J., that the important and vital inquiry is whether the bequest "so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion." If so, there "can neither be a trust nor charge." Manifestly, in the present case, the court cannot enforce the asserted trust in favor of the plaintiff without "superseding" the discretion allowed by the will to the defendant.

Plaintiff argues that the provision for payment to her by the executor of $1,000 annual income on the death of the testator's widow tends to demonstrate the trust for which she contends. On the contrary, the provision confirms the inference against the trust. The fact that the testator imposed an imperative duty on the executor to pay the plaintiff a definite sum at fixed periods emphasizes the discretion with which he invested his widow in contributing to the plaintiff's support. During the life of his widow he submitted to her pleasure how far she would reduce her resources for the benefit of the plaintiff; but his widow, dead, was no longer the object of solicitude; and he then bound his executor by a fetter from which he left her free.

Demurrer sustained, and judgment for defendant. No costs.