## In the Matter of the Final Accounting of DE WITT GARDNER, as Executor, etc.

A general power to dispose of property includes the right to dispose of it by will, unless the grant of the power contains words which expressly, or by fair implication, exclude such a method of disposition.

T. died leaving a will by which he gave his residuary estate to his wife, "to have and to hold the same and every part and parcel thereof to her and her assigns forever," provided, however, that if any part of it should remain unexpended or undisposed of at her death, this he gave to his son, his heirs and assigns. Following this was an expression of the testator's expectation and desire that his wife should not dispose of any of the estate by will in such a way that the whole that might remain at her death would go out of his "own family and blood relation." The testator had but one child, a son by a former wife. The widow died leaving a will which, by its terms, disposed of so much of the residuary estate as remained at her death, giving a large portion thereof to the son, and also one-fourth of her residuary estate, after the expiration of a life estate given therein, and another fourth to a sister of her husband. *Held,* that the power to dispose given by the will included the right to dispose by will; that the estate of the wife was not qualified by the concluding paragraph expressing the testator's expectation and desire; also that if that clause should be construed as implying a power in trust in favor of the son the power was observed and fully executed.

The will of the widow first gave to her executors all her property not specifically disposed of, in trust, to be disposed of and expended as they might think best for the support and maintenance of a brother of the testatrix during life; all that remained thereof at his death, after certain legacies, which were directed to be paid therefrom, the testatrix directed her executors to divide in four equal parts, each to be paid to a beneficiary named, "each to share and share alike." One of these beneficiaries died before the time of distribution arrived. *Held,* that the share did not lapse upon such death, but passed to the parties who were lawfully entitled to succeed to the estate of said beneficiary; that upon the death of the testatrix the residue vested in the persons named, subject to the life estate.
Reported below, 69 Hun, 50.

(Argued October 24, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 25, 1893, which reversed decrees of the surrogate of the county of Oswego, one of which adjudged that certain property did not belong to the estate of the petitioner's testatrix, Mary D. Tyler, and discharged him as executor, and the other directed him to file a supplemental account.

This proceeding was instituted by the petitioner in the Surrogate's Court of the county of Otsego to procure a final settlement of his accounts as executor of the last will and testament of Mary D. Tyler, deceased.

The property in question belonged to Ransom H. Tyler, the husband of said testatrix, at the time of his death, and the principal questions presented arose under the residuary clause of his will, said property forming part of his residuary estate. Said clause and the material facts are set forth in the opinion.

Plaintiff's testatrix, by the first clause of her will, devised to the son of her deceased husband a house and lot. By the fourth clause she gave and devised certain property to her brother Charles, for his use and benefit during his natural life, and provided that such property should be held in trust by her executors, "to be disposed of and expended as they may think best for the generous support and maintenance of

said brother, Charles F. Douglas, and to be used as the same shall be necessary for that purpose during his lifetime." The will then provided as follows: " If anything remains at his death I give to parties and objects mentioned in the seventh clause of this will." The seventh clause provided as follows: " All that shall remain on the death of my brother, whether personal property or real estate, and all else not otherwise bequeathed, I give, devise and bequeath as follows." After providing for keeping the cemetery lot of herself and her father in order and for monuments for each, the clause concludes in these words: " After these matters shall be attended to, if anything remains, I direct my executors to divide the remainder into four equal parts, to be given to Ransom F. Tyler of Flint, Michigan ; Mrs. Harriet Baker, Wakeman, Ohio ; Miss Fannie Rice, Westfield, Mass. ; the Home for Aged and Infirm Deaf Mutes in New York city, under the care of Rev. Thomas Gallaudet, each to share and share alike."

*C. H. David* for appellant. No power or authority is granted by the testator to his wife to dispose of any of his property by will. (136 N. Y. 243 ; 47 Barb. 263 ; *Leggett* v. *Firth,* 132 N. Y. 7 ; *Crosier* v. *Bray,* 120 id. 366 ; *Van Horne* v. *Campbell,* 100 id. 287 ; *Wager* v. *Wager,* 96 id. 164 ; *Terry* v. *Wiggins,* 47 id. 512 ; *Norris* v. *Beyea,* 13 id. 280 ; *Smith* v. *Bell,* 6 Fed. Rep. 68 ; *Jackson* v. *Bull,* 10 Johns. 193 ; 4 R. S. [8th ed.] 2434, §§ 32, 33 ; *Thomas* v. *Walford,* 49 Hun, 145 ; *Colt* v. *Hurd,* 10 id. 189.)

*Giles S. Piper* for respondent Bunnelle. The estate granted to each of the four residuary legatees was an expectant future estate. (R. S. 2526, 2529, §§ 75, 76, 80, 102 ; *Moore* v. *Littel,* 41 N. Y. 66 ; *Ham* v. *Van Orden,* 84 id. 257, 270 ; *Mitchell* v. *Knapp,* 54 Hun, 505 ; *Embury* v. *Sheldon,* 68 N. Y. 235 ; 2 Redf. on Wills, 235 ; 1 Jarman on Wills, 850 ; *Vincent* v. *Newhouse,* 83 N. Y. 505 ; *Delaney* v. *McCormack,* 88 id. 174 ; *Shipman* v. *Rollins,* 98 id. 311 ; *Delafield* v. *Shipman,* 103 id. 463 ; *Nelson* v. *Russell,* 61 Hun, 528 ; *Goebel* v. *Wolf,* 113 N. Y. 405.)

*George T. Clark* for respondent Rice. The surrogate erred in his decision that the will of the testator did not give his wife power to devise the property which he left by will. (*Phillips* v. *Davies,* 92 N. Y. 199 ; *Pond* v. *Bugh,* 10 Paige, 140 ; *Drake* v. *Pell,* 3 Edw. 251 ; *Mason* v. *Jones,* 2 Barb. 229 ; Schouler on Wills, §§ 77, 478, 482 ; Redf. on Wills, 471, 491, 492 ; 1 Williams on Ex. 38, 361 ; *Clapp* v. *Fullerton,* 34 N. Y. 197 ; *Seguine* v. *Seguine,* 3 Keyes, 665.) The cardinal rule of testamentary construction is that the plain intent of the testator, as evinced by the language of his will, must prevail if that intent may be carried into effect without violating some deeper principle of public policy. (Schouler on Wills, §§ 462, 466 ; *Smith* v. *Bell,* 6 Pet. 80 ; *Wager* v. *Wager,* 96 N. Y. 164 ; *Van Horne* v. *Campbell,* 100 id. 287 ; *Norris* v. *Beyea,* 13 id. 273 ; *Tyson* v. *Blake,* 22 id. 558 ; *Smith* v. *Van Ostrand,* 64 id. 278 ; *Campbell* v. *Beaumont,* 91 id. 464 ; *Graystone* v. *Clark,* 41 Hun, 125.) If more than one intention is expressed by the testator, and such intentions are irreconcilable, the terms of the devise to the wife must stand and the limitation over to the son must fail, because the first is the testator's primary intention and object in executing the instrument. (*Parsons* v. *Winslow,* 6 Mass. 175 ; *Dawes* v. *Swann,* 4 id. 208 ; *Bonard's Will,* 16 Abb. [N. C.] 203, 205, 206 ; *Wager* v. *Wager,* 96 N. Y. 174 ; *In re Blauvelt,* 39 N. Y. S. R. 777 ; *Roseboom* v. *Roseboom,* 81 N. Y. 356 ; *Freeman* v. *Coit,* 96 id. 67.) The release executed and delivered by the son to the executors of his father's estate, the receipt by him of the consideration therefor, and his acceptance of the devise and bequests under his mother's will estop him from objecting to the account of the executor of Mary D. Tyler's estate, and deprive him of any standing in the proceeding because he has no interest at stake. (3 Wait's Act. & Def. 371 ; 20 Am. & Eng. Ency. of Law, 748.)

MAYNARD, J. By the residuary clause of his will the testator gave the residue of his estate to his wife to have and to hold the same and every part and parcel thereof to her and

her assigns forever; provided, however, that if any part of it should remain unexpended or undisposed of at her death, what should so remain he gave to his son and his heirs and assigns, adding this clause, "and I expect and desire that my said wife will not dispose of any of said estate by will in such a way that the whole that might remain at her death shall go out of my own family and blood relation." The testator had but one child, a son by a former wife. His widow made a will in which she gave the son a considerable portion of the estate left her by the testator, and one-fourth of any residue remaining after making some specific bequests, and upon the final accounting of her executor the question arose whether, under her husband's will, any portion of his estate to which she succeeded by virtue of its provisions, and which remained in her hands at the time of her death, could be effectually disposed of by any testamentary disposition which she might make. The surrogate held that she had no power to dispose of it by will, but the general term has decided otherwise and has reversed the decree of the surrogate, and we think the conclusion reached by that court is correct.

The gift to the wife is in the first instance absolute and unlimited with an habendum that she shall have and hold it and every part and parcel of it to her, and her heirs and assigns forever. She was thus invested with the power to dispose of it in any manner authorized by law, and it only remains to be considered how far the fee so devised to her has been cut down by the subsequent provisions of the will. There is undoubtedly a condition annexed to the grant to the effect that if she died leaving any part of the property undisposed of at her death, such part should revert to his son, the appellant here. Unquestionably as to any portion of the estate to which this proviso might be applicable, the precedent estate granted to the wife would be converted into a qualified or base and determinable fee. But what was the contingency upon which such a change in the quality of the estate devised was to depend? Upon the true answer to this question rests the solution of this controversy. The appellant contends that it

was the death of the first taker without having divested herself of the title by a grant of the fee in her lifetime, and that the alienability of her estate did not include the power to devise or bequeath it. But the terms employed are unrestricted. It is only what is "undisposed of" at her decease, if any, that is given to her son. A general power to dispose of property includes the right to dispose of it by will, unless the grant of the power contains words which expressly or by fair implication exclude such a method of disposition. The will took effect at the very moment of death, and there was not, therefore, any part of the property which was not disposed of "at her decease." This construction is in harmony with the terms previously employed, which import an unlimited power of disposition.

But the testator has left no room for doubt upon this point by the language used in the concluding paragraph of this clause of his will. He there explicitly recognizes her power to dispose by will of the estate given her, and indicates to her in part the course which he desires her testamentary disposition to take. He seeks to impress upon her the claims which his own family have upon her ·consideration, and the language is meaningless, unless it is to be assumed that he understood that by the terms of his will she had the power to devise or bequeath the estate which he had given her. He was himself learned in the law, and he evidently had a well-defined testamentary scheme, and a clear conception of the legal effect of its various provisions. He had confidence in his wife that if she disposed of the property by will she would make a just disposition of it, and observe his wish that his own child should not be overlooked; but he anticipated the contingency that she might die intestate, and as to that portion of his estate which might then remain he provided that it should go to the issue of his own blood, and not to her heirs or next of kin. This contingency never happened, and hence the title in fee which she took was never divested or determined, but passed in accordance with the provisions of her will.

The estate of the wife was not qualified by the precatory words of the concluding paragraph. They are merely the expression of an expectation or desire that if she made a will the whole that might then remain should not go out of his own family or blood relations. Similar terms have sometimes been construed to create a trust, or rather a power in trust, but never, so far as we have been able to discover, where, as in this case, the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit, to the donee. (1 Jarman [5th Am. ed.], pp. 680, 94; *Clarke* v. *Leupp*, 88 N. Y. 228; *Campbell* v. *Beaumont*, 91 id. 464.) But if it might be held that these words could be construed so as to imply a power in trust in favor of the testator's son, the power was observed and fully executed by the donee thereof. It neither contemplated or required the entire residue existing at the time of Mrs. Tyler's death to be bestowed upon the son. She was not enjoined to give the whole of it to him. The restraint, if any, was purely negative. It was to the effect that she should not permit all that she might have to dispose of to go out of his family; in other words, that his own child should be suitably remembered. This injunction, if it is to be deemed such, was obeyed by her with scrupulous fidelity. In her will she devises to him a valuable piece of real property; many articles of personal property of considerable value, including his father's personal effects; and after some specific bequests makes him the legatee of one-fourth of her residuary estate, and bequeaths to a sister of her husband another fourth. The confidence of the husband in the wife was not misplaced, and his will has been faithfully and literally observed by her even where it was not mandatory but discretionary.

We are also of the opinion that the share of the residuary estate given to Mrs. Baker in the will of Mrs. Tyler did not lapse upon her death before the time of distribution arrived, but passed to the parties who are lawfully entitled to succeed to Mrs. Baker's estate. By previous clauses of the will this

property is given to her executors in trust for the benefit of her brother during his lifetime and after his death what remains is given to the parties named in the seventh or residuary clause of the will, of whom Mrs. Baker is one. The gift to her is direct in each of the previous clauses and also in the residuary clause. It is true that in the residuary clause the executors are directed to divide the residue into four equal parts; but these portions are directly given to four legatees named, including Mrs. Baker, share and share alike. Under the scheme of this will it must be held that the gift to the residuary legatees is direct and immediate and the time of payment or enjoyment only is postponed. The gift is not to a class, there are no words of survivorship, and there is nothing to indicate that the testatrix contemplated an intestacy as to any part of her estate. She evidently intended that upon her death the title to the residue should vest in the persons named in the seventh clause subject to the trust estate given for the benefit of her brother. The case is not distinguishable in its controlling features from *Goebel* v. *Wolf* (113 N. Y. 405).

The order of the general term must be affirmed, with costs, and the proceeding remitted to the surrogate's court to be there disposed of in accordance with the views here expressed.

All concur.

Ordered accordingly.