## In the Matter of the Estate of HERMAN ROTH, Deceased.

Surrogate's Court, Bronx County, December 26, 1934.

*George Garfunkel*, for the petitioner.

*Joseph C. Kadane*, for the Irving Trust Company, respondent.

*Panken & Levy* [*Matthew M. Levy* and *Louis Kantor* of counsel], for Sadie Rosenberg, respondent.

HENDERSON, S. The petitioner herein seeks a direction to the trustees under her father's will to make payment to her of the sum of $5,000.

The provisions of the eighth and ninth paragraphs are as follows:

"*Eighth*. When and after my beloved children, Sylvia Roth and Blanche Roth, shall have arrived at the age of twenty-one (21) years, and if in the opinion of my beloved sister, Sadie Rosenberg, whom I have named as one of the trustees and executrix of this my last will and testament, she shall in her opinion determine that my said children have conducted themselves in a manner entirely

satisfactory to her, then and in that event my trustees shall pay unto both of my children the sum of Five thousand ($5000) Dollars each from the trust fund heretofore created for their benefit.

" *Ninth.* In the event that my beloved sister, Sadie Rosenberg, shall in her opinion determine that only one of my children has conducted herself in a manner entirely satisfactory to her then and in that event such child shall receive Five thousand ($5000) Dollars, upon her arriving at the age of twenty-one (21) years."

The petitioner became twenty-one years old on August 12, 1931. She alleges that she has lived and conducted herself in a decent and normal fashion and that she has given the respondent Sadie Rosenberg no justifiable reason for withholding the bequest under paragraphs eighth and ninth.

During the pendency of this proceeding, the petitioner, her sister, who is also named in the will, the respondent Sadie Rosenberg and one Bella Michael entered into a written agreement by which the respondent Rosenberg agreed to pay the petitioner and her sister from the principal of the trust fund the sum of $5,000 each " pursuant to the terms of such last will and testament," and to direct her cotrustee, Irving Trust Company, to make such payment jointly with her. The beneficiaries agreed to authorize the trustees to make payment of a sum not to exceed $4,000 from the trust fund for the purpose of disintering the body of the decedent and reburying it in another cemetery, to erect a monument or mausoleum and to pay the expenses incidental thereto. This agreement was not carried out because the Irving Trust Company took the position that the trustees had no authority to make the $4,000 expenditure for the purposes set forth in the agreement. As this agreement could not bind the contingent remaindermen, the trust company was correct in its refusal to approve it and to act under it.

Mrs. Rosenberg did not testify at the hearing. By the terms of the will a duty devolved upon her to make a determination as to whether the petitioner, upon reaching her majority, was entitled to receive the $5,000. Her agreement to direct such payment is an admission that the petitioner had conducted herself in a satisfactory manner. While it is within the discretion of the trustee to give or to withhold the sum in question, her decision must be a fair exercise of discretion made in good faith. It was the intention of the testator that his sister exercise the discretion that he vested in her reasonably. Her refusal to act may not be capricious. Although the court may not substitute its judgment for that of the trustee, it may review the use of the discretion vested in her and if such discretion is abused, it has the power to protect the objects of the testator's bounty.

The desire of the decedent's sister that his memory be suitably memorialized is commendable, and it would be fitting for his daughter to contribute toward such a memorial. However, in the instant case, the petitioner has been coerced into agreeing to a diversion of part of the funds created for her by her father.

The testator's sole requirement was that his children conduct themselves in a manner satisfactory to his sister. She may not require as a condition of her approval that they consent to the diversion of their funds in any manner foreign to the purposes of the trust.

The petitioner is entitled to have the trustee exercise her discretion with intelligence and reason. She is not at the mercy of the caprice or ill will of the trustee, nor may the trustee demand that the beneficiary's funds be diverted to purposes other than those expressed by the testator in creating the trust. Under such conditions the court will compel the trustee to exercise her discretion fairly and in accordance with the will. (*Collister* v. *Fassitt*, 163 N. Y. 281, 290.)

I find that the action of Mrs. Rosenberg in failing to direct her cotrustee to make payment of the $5,000 jointly with her to the petitioner, is arbitrary and an abuse of her discretion. The trustees will be directed to pay the above-mentioned sum to the petitioner.

Settle decree.