Fuld, J.
Plaintiff, now 87 years of age, is a sister-in-law of Nellie Childs who died in 1946; defendants are the latter’s children who were named by her as executors in her last will and testament. It is a provision of that will, Paragraph Third, which now engages our attention; in it, Mrs. Childs declared:
“ I request my two children, Richard S. Childs and Mary Childs Draper, or the survivor of them, to pay to my sister-in-law, Mary Parker Spencer, now residing at Manchester, Connecticut, the sum of Two hundred and eight dollars and thirty-three cents ($208.33) per month as long as she shall live.”
Plaintiff, maintaining that the verb “ request,” read in context, is to be construed as a direction to pay her the sum specified, sues in contract (see, e.g., Redfield v. Redfield, 126 N. Y. 466; Brown v. Knapp, 79 N. Y. 136, 143; Gridley v. *106 Gridley, 24 N. Y. 130, 138) upon defendants’ implied promise to pay, a promise implied from their acceptance of the residuary estate.
Mrs. Childs executed her will in 1944, two years before her death. After providing for a number of legacies, including bequests to plaintiff’s two sons and to charity, she directed, in Paragraph Ninth, that the residue of her estate be equally divided between the two defendants. The estate consisted of over $2,500,000, the residuary estate, after taxes had been paid, of more than $1,000,000.
Plaintiff had married Mrs. Childs ’ brother in 1892 and, during their many years of marriage, Mrs. Childs had contributed to their support. In 1928, she made a will, providing for a trust of $100,000, the income — in the neighborhood of $208 a month — to be used for the support of her brother, and, if he predeceased plaintiff, then, for her support for life. After her brother died in 1932, Mrs. Childs gave plaintiff $208.33 a month, and these payments continued until March, 1945. In the meantime, she executed the will before us, which, as we have seen, contained the clause requesting defendants to pay plaintiff the very same sum each and every month as long as she lived. Following his mother’s decease, Richard, one of defendants, wrote plaintiff a letter, informing her of the will provision and advising that “ monthly checks ” would be sent “ about the first of each month ’ ’; and he added that she should ‘ ‘ always endorse the checks for deposit personally, as they will be part of our accounting to the court. ’ ’ The checks were sent for two years — until plaintiff was 79 years old — and then they stopped.
The present action, brought some years later, seeks to recover the amount which has assertedly accumulated. Defendants’ motion to dismiss the complaint for insufficiency was denied at Special Term and that decision was affirmed by the Appellate Division (283 App. Div. 788). Upon the trial thereafter held, there was a verdict for plaintiff, and, upon appeal, the Appellate Division affirmed, one justice dissenting.
Cases such as the present and Matter of Daly — also decided today (supra, p. 100) —well illustrate the aptness of Judge Learned Hand’s wise and trenchant observation that courts should be wary of making ‘ ‘ a fortress out of the dictionary ’ ’, since there “ is no more likely way to misapprehend the meaning of language * * * than to read the words literally, forget *107 ting the object which the document as a whole ” seeks to achieve. (Cabell v. Markham, 148 F. 2d 737, 739; Central Hanover Bank & Trust Co. v. Commissioner, 159 F. 2d 167, 169.) “ A word * * * may very greatly in color and content ’ ’ according to the intent of its author and the circumstances under which it is used. (Towne v. Eisner, 245 U. S. 418, 425.) And so it is with words such as “request,” “wish” and “ desire.” Although ordinarily to be read as precatory (see Matter of Daly, supra, at p. 102), they will be taken to connote a hope or a command depending on whether the author 1 ‘ meant by them simply to advise or inform a discretion which is vested in somebody or to control or direct a certain disposition.” (7 Warren’s Heaton on Surrogates’ Courts [6th ed., 1951], p. 184.) In seeking an answer to the question, the testator’s intent and meaning are to be gathered, not alone from the language and terms of the instrument itself, but also from the conditions and circumstances extrinsic to it. (See Collister v. Fassitt, 163 N. Y. 281, 286; see, also, 3 Page on Wills [3d ed., 1941], § 1179.)
One circumstance, indicative of a direction, is the degree of clarity and precision employed by the testator in describing the disposition in question — that is, the persons to take, the subject matter or amount of the gift, its terms and duration. (See, e.g., Colton v. Colton, 127 U. S. 300, 315; Matter of Bluestein, 302 N. Y. 760, affg. 277 App. Div. 385; Phillips v. Phillips, 112 N. Y. 197, 204; see, also, 2 Jarman on Wills [8th ed., 1951], pp. 866-867.) A like indication is furnished by the fact that the “request” is addressed to a close relative, for, it has been remarked, “ it would be but natural for the testator to suppose that a request, which, in its terms, implied no alternative * * * would be understood and obeyed as strictly as though it were couched in the language of direction and command. In such a case * * * ‘ the mode is only civility.’ ” (Colton v. Colton, supra, 127 U. S. 300, 319; see, also, Notes, 49 A. L. B. 31, 34; 107 A. L. B. 904.) And another signpost is found in the circumstance that the bequest, precatory in tone, precedes the clause disposing of the general or residuary estate out of which the gift is to come. (See Collister v. Fassitt, supra, 163 N. Y. 281, 287 et seq.)
In Phillips v. Phillips (supra, 112 N. Y. 197), a leading case, the testator, after providing that the whole of his property *108 should go to his wife, added that, ‘1 If she find it always convenient to pay my sister Caroline Buck the sum of three hundred dollars a year, and also to give my brother, Edwin W., during his life the interest on ten thousand dollars (or seven hundred dollars per year), I wish it to be done.” The court held that he word “ wish ” was meant to be imperative, and, in reaching that conclusion, the court adverted both to such extrinsic factors as the wife’s comfortable circumstances and the absence of children and to the definiteness and clarity of the bequest. ‘ ‘ It is perfectly well settled ’ ’, said the court, ‘ ‘ that what are denominated precatory words, expressive of a wish or desire, may, in given instances, create a trust or impose a charge. Without a detailed consideration of the cases, it is quite clear, that, as a general rule, they turn upon one important and vital inquiry, and that is, whether the alleged bequest is so definite as to amount and subject-matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion. In the latter case there can neither be a trust or a charge, while in the former there may be, and will be, if such appears to have been the testamentary intention ” (112 N. Y., at p. 204). And in Matter of Bluestein (supra, 302 N. Y. 760, affg. 277 App. Div. 385), both the language of the testament and the attendant circumstances were said to support the conclusion that, in context, the testator’s “ request ” bespoke a direction, imposing an obligation upon the legatee. By his will, he left his partner ‘ ‘ any and all interest in ’ ’ his accounting practice with the ‘1 request ’ ’ that ‘ ‘ he continue the same and pay out of such practice ” to his wife Rose the sum of $150 a month “ for one hundred twenty months, or for her life if she die sooner, immediately following my demise.” We held that this language amounted to a binding direction, the Appellate Division, whose order we affirmed, writing, “We are of the opinion, construing the will as a whole, that the distinctive language employed by the testator clearly imports an obligation — a legal obligation — by the legatee if he accepts the legacy bequeathed to him to make payment to the widow in the manner therein described. The amount, the duration, the subject matter, and the recipient of the obligation are all clearly and definitely expressed. All this would indicate that the intention of the testator was not to use precatory words expressing desire or *109 hope but to use words giving ‘ an express, binding direction. ’ ’ ’ (277 App. Div., at pp. 386-387.)
Turning to the will under consideration, it is but necessary to observe that the suggested guides and signposts all point the conclusion, reached by the courts below, that the “ request ” reflected a direction.
In the first place, the ‘1 request ’ ’ is addressed to ‘ ‘ my two children ’ ’ — which their mother could expect would be understood and obeyed as strictly as if couched in language of command. In the second place, the amount of the gift is given to the penny and the other details are set forth in the most precise and explicit terms. By providing that her son and daughter (or, upon the death of one, the “ survivor ”) were to pay plaintiff $208.33 each and every month during her life, testatrix could not have been more definite or left less to their independent judgment. In the third place, the fact that the provision for plaintiff “ [stood] first in the will ” and that defendants were to receive the residue only after payments to plaintiff, manifested a design to charge such amounts to defendants. (Collister v. Fassitt, supra, 163 N. Y. 281, 287, 288-289.) And, in the fourth place, the further circumstances — the size of the estate left by testatrix, her children’s great wealth, in contrast to the comparatively small gift to plaintiff, as well as the testatrix’ long-continued practice of giving her $208.33 a month, the identical amount mentioned in the will — render it highly improbable that she intended defendants to be free to disregard the request and discontinue the monthly payments at their pleasure.
The judgment of the Appellate Division should be affirmed, with costs.
Desmond, Dye and Burke, JJ., concur with Fuld, J.; Van Voorhis, J., votes to reverse and to dismiss the complaint upon the ground that the words of the will on which plaintiff’s cause of action is based are precatory but not mandatory; Conway, Ch. J., and Froessel, J., taking no part.
Judgment affirmed.