Charles H. Gaffney, S.
The petitioners are executors and trustees under the last will and testament of Harry H. Van Aken, deceased, which was duly admitted to probate by this court on August 1,1955. They seek a construction of paragraph fourth of said will which reads as follows:
fourth : I give, devise and bequeath that part of the farm and land owned by me in the Town of Esopus, Ulster County, New York, designated as Parcel A on the map incorporated in this my Will at the conclusion of this paragraph fourth, together with the house and buildings erected thereon and all furniture and contents of said house and buildings and other personal property located thereon or therein owned by me, except as otherwise disposed of under paragraph ninth of this my Will, (there are in the house on the farm at the time of the execution of this my Will some articles of personal property owned by my wife, Ellen Loud Van Aken, and should I predecease her, her designation of such items shall be binding on my estate) to my Trustees hereinafter appointed, in trust, nevertheless, as follows:
(a) To hold the same in trust during the lifetime of my sister, Frances L. Van Aken, and in the event she shall survive for a period of more than three years from the date of my death, then during the period of three years from the date of my death. It is my desire that my Trustees make the same available to my said sister during the said period for her use as a place of residence and that my Trustees during said period pay the taxes and reasonable expense of repairs and upkeep thereon as they determine in their discretion are necessary or advisable from the income or principal, as they in their judgment determine, of my residuary estate trust created under the provisions of paragraph thirteenth of my Will.
(b) Upon the expiration of said three year period mentioned in paragraph (a) above or upon the earlier death of my sister, whichever event first occurs, to continue to hold the same in trust during the lifetime of my daughter, Elizabeth Van Aken. It is my desire that my Trustees make the same available to my daughter as a place of residence and that my Trustees pay the taxes and reasonable expense of repairs and upkeep thereon as they determine in their discretion are necessary or advisable from the income or principal, as they in their judgment determine, of my residuary estate trust created under the provisions of paragraph thirteenth of my Will.
*547 In the event my daughter shall die prior to the expiration of three years from the date of my death and my sister, Frances L. Van Aken, shall survive her, then the three year limitation on the trust estate for the benefit of my said sister, provided for in paragraph (a) above, shall not be effective and said trust shall continue in effect until the death of my said sister; and in that event, upon her death, I direct my Trustees to convey the principal of the trust to my nephew, Henry D. Polhemus, if he is then living, and if he is then deceased, to his heirs, per stirpes.
In the event my daughter shall die after the expiration of three years from the date of my death, then upon her death I direct my Trustees to convey the principal of this trust to her lawful issue, if any, per stirpes; and if she shall leave no lawful issue her surviving, then I direct my Trustees to convey the principal of this trust to my nephew, Henry D. Polhemus, if living, and if not living, to his heirs, per stirpes.
I direct my Trustees not to sell or dispose of any of the real or personal property constituting the corpus of this trust during the period of three years following my death, except in the event of the death of both my said sister and my said daughter prior to the expiration of said three year period; and I request my Trustees not to sell or dispose of any of said real or personal property constituting the corpus of this trust after the expiration of said three year period and during the lifetime of my daughter so long as she shall desire to continue to use the house on said property as her residence. However, if my Trustees in their judgment at any time after my daughter has arrived at the age of forty-five (45) years deem it advisable that the real and personal property constituting the corpus of this trust be conveyed outright to my said daughter, I hereby authorize my Trustees to do so. If my Trustees after the expiration of said three year period in their judgment deem it advisable that the real and personal property constituting the corpus of the trust, in the best interests of my daughter, shall be sold and the proceeds added to the principal of the trust created by paragraph thirteenth of this my Will, then I hereby authorize my Trustees to make such sale and conveyance, provided such sale and conveyance is either consented to in writing by my said daughter or is authorized by an order of the Surrogate of Ulster County.
By paragraph thirteenth of said will said decedent also created a trust for his daughter, Elizabeh Van Aken Bocher, of his entire residuary estate. By this paragraph he also gave his daughter a power of appointment which was exercised by will hereinafter referred to.
Harry H. Van Aken died on July 9, 1955, and his daughter, Elizabeth Van Aken Bocher, died on June 10, 1956. Frances L. Van Aken, sister and aunt, respectively, of the aforesaid decedents, survived. Prior to her death Elizabeth Van Aken Bocher executed a will which was duly admitted to probate by the County Court of Dade County in the State of Florida on June 12, 1956. By the terms of that will John Parkhurst Booth was appointed executor and one, Josephine Larkin Kircheval, was designated the sole legatee. Simeon Wolf man appears in this proceeding by attorney, Gerald Blumberg, as the assignee of the said Josephine Larkin Kircheval.
*548 Petitioners seek a construction allowing payment of taxes and the reasonable expenses incurred for repairs necessary for the upkeep and maintenance of the farm property described in paragraph fourth out of the residuary trust created by paragraph thirteenth of the Van Aken will.
Answers to the petition were filed on behalf of Simeon Wolf-man and John Parkhurst Booth objecting to this relief. The latter also cross-petitioned for the following affirmative relief: (1) That the trustees under the will of Harry H. Van Aken be ordered to file an inventory and appraisal of the personal property of Harry H. Van Aken. (2) That said trustees be ordered to file in this court the partnership agreement of Harry H. Van Aken with the firm of De Witt, Van Aken & Nast and that a computation of the value of the interest of Harry H. Van Aken in said firm be submitted to the appraisers of Harry H. Van Aken’s estate. (3) That MacDonald De Witt be compelled to file in this court the books of account of the firm of De Witt, Van Aken & Nast for a period of five years prior to the death of Harry H. Van Aken. (4) That Frances L. Van Aken, beneficiary of a trust set up in paragraph fourth of the will of the testator be examined in this court for the purpose of determining whether or not she is a resident of Willow Brook Farm, Port Ewen, New York. (5) Finally, a compulsory accounting is requested for the purpose of determining the value of the trust created in paragraph thirteenth of the will of Harry H. Van Aken together with an order compelling the trustees of the will of Harry H. Van Aken to turn over to John Parkhurst Booth, as executor of the estate of Elizabeth Van Aken Bocher, the corpus of the trust created in paragraph thirteenth.
A hearing was held on July 31, 1956, in this court before the Hon. John B. Sterlet which was thereafter adjourned by mutual consent of all interested parties. All parties have now consented that this court decide the foregoing issues on the papers now on file in this court.
The foregoing items of affirmative relief sought by John Parkhurst Booth in his cross petition have either been complied with since the hearing or are premature at this time and are, therefore, denied.
Concerning the relief sought in the petition the parties are apparently in accord on the following facts: That the contingency of Frances L. Van Aken surviving Elizabeth Van Aken Bocher was provided for by the testator in subparagraph (b) of paragraph fourth, of decedent’s will. This subparagraph provides that the three-year limitation on the trust estate for the benefit of his sister shall not be effective and that said trust *549 shall continue in effect until the death of his sister, Frances L. Van Aken. It was further provided that upon the death of Frances L. Van Aken the principal of the trust was to go outright to Henry D. Polhemus, nephew of testator, if he is then living or if he is then deceased to his heirs per stirpes. All parties likewise agree that the trust created in paragraph fourth shall continue for the life of Frances L. Van Aken and upon her death the principal of the trust is to go to Henry D. Polhemus if he is then living and if he is then deceased to his heirs per stirpes.
The disagreement arises concerning the meaning of the provision in subparagraph (a) of paragraph fourth, relative to the payment of taxes and reasonable expense of repairs and upkeep of the real property. Petitioners contend that they are authorized to pay the taxes and reasonable expense of repairs and upkeep thereon for the entire life of Frances L. Van Aken. Cross petitioner Booth contends that the trust created under paragraph thirteenth terminated with the death of Elizabeth Van Aken Bocher and that the only duty of the trustees of said trust was to pay over the corpus of the trust to the legatee named in the will of Elizabeth Van Aken Bocher.
With this contention this court is unable to agree. In construing paragraph fourth we must search the entire will for the intention of the testator. The subject matter of the trust in paragraph fourth was the home of Harry H. Van Aken. It was of such importance to him that he prepared a detailed map of the farm and incorporated it in his will. There can be little doubt that it was one of his most prized possessions. Its value at the time of the death of the testator was appraised at $50,000. Evidently, testator wanted to have this residence remain in his family. He first provided that his sister, Frances L. Van Aken would have the use of it for a period of three years. In the event that testator’s daughter was then living she was to have the right to occupy the premises for her entire life. At his daughter’s death he provided that the farm was to descend to her lawful issue and if there was none surviving then the farm was to go to his nephew, if living, and if deceased to his heirs. Each and every disposition of the testator respecting the farm provided that it remain in his family.
Testator well knew that there was considerable expense involved in maintaining the farm and he provided in subparagraph (a) of paragraph fourth that the taxes and reasonable expense of repairs and upkeep thereon should be paid out of either the principal or income of the trust in paragraph thirteenth. However, in subparagraph (a) of paragraph fourth, *550 testator referred to the three-year period following his death during which the trustees were to pay the taxes and reasonable repairs and upkeep of the farm. In subparagraph (b) testator provided that the taxes and reasonable expenses of repairs and upkeep of the farm should be paid by the trustees out of his residuary estate trust created under paragraph thirteenth and placed no limitation whatsoever on such payments. The payments could be made either out of principal or income. In view of the sentence following subparagraph (a) wherein testator abrogates the three-year limitation on the trust estate for the benefit of his sister this court is constrained to hold that the limitation as to payment of the taxes and reasonable expense of repairs and upkeep of the farm is likewise abrogated. The obvious reason why the testator provided that the maintenance of the farm was to be paid out of the trust created in paragraph thirteenth was that either his daughter or his sister, Frances L. Van Aken, might not be financially able to support such an expensive residence. To hold that the maintenance of the farm is not to be paid for out of the trust created in paragraph thirteenth would obviously frustrate the testator’s fundamental and overall intentions.
In construing a testamentary trust provision the entire will must be considered in order to arrive at the true intent of the testator. This basic canon of construction was recently confirmed by the Court of Appeals in the case of Matter of Fabbri (2 N Y 2d 236, 239-240) in the following language:
‘ ‘ The prime consideration here as in all construction proceedings is the intention of the testator as expressed in the will. All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy.
11 This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed. (Collister v. Fassitt, 163 N. Y. 281; Robinson v. Martin, 200 N. Y. 159, 164; Williams v. Jones, 166 N. Y. 522, 533; March v. March, 186 N. Y. 99, 103.) ”
The decedent well knew that the property described in the trust set up in the fourth paragraph of his will was not an income-producing property. Unless the intent to keep and maintain same in the Van Aken bloodlines is to be defeated in light of what thereafter transpired the expenses incidental to its upkeep and maintenance must be allowed out of the residuary trust created by a subsequent paragraph of the same will. *551 There appears to be ample authority for the relief and procedure requested by the petitioners herein. (See Matter of Weir, 172 Misc. 74.)
Additional proof is required to determine the annual amounts necessary to defray the cost of taxes, repairs and upkeep of the farm property described in paragraph fourth. Such proof can be submitted at the time the decree hereinafter directed is submitted. Once the annual cost of maintaining the property described in paragraph fourth is determined all interested parties can stipulate to terminate the trust created under paragraph thirteenth, after having deducted therefrom an amount equal to said annual cost multiplied by the life expectancy of Frances L. Van Aken as computed by the American Experience Table of Mortality set forth in the Rules of Civil Practice. In the absence of such a stipulation the trustees may continue to pay annually either out of principal or income of the trust created under paragraph thirteenth the aforesaid annual cost of maintaining the farm property described in paragraph fourth during the lifetime of Frances L. Van Aken.
Submit decree not inconsistent with this opinion upon notice.